**ORIGINAL**



IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

No. **09-652 T**

CONSOLIDATED EDISON, INC.

AS SUCCESSOR IN INTEREST TO

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---
COMPLAINT
---

Consolidated Edison, Inc. (EIN 13-3965100), plaintiff, as successor in interest to Consolidated Edison Company of New York, Inc. (EIN 13-5009340)("Con Ed NY" and/or the "Company" and/or the "taxpayer") via a corporate reorganization on January 1, 1998, brings this Complaint against the United States of America, defendant, and alleges as follows:

1.  This is an action under the internal revenue laws of the United States for the abatement and refund of deficiency interest and the payment of additional allowable interest (payable under Sections 6601, 6611 and 6621(d) of the Internal Revenue Code of 1986, as amended (the "Code")) along with interest on such interest with respect to: (i) the underpayment of Con Ed NY's income tax for the 1997 calendar Tax Year ("1997"), the credit balance frozen

1

from refund in Con Ed NY's income tax for 1997; and, (iii) overpayments of Con Ed NY's income tax for the 1991, 1994 and 1995 calendar Tax Years ("1991," "1994" and "1995," respectively).

2. Jurisdiction is conferred upon this Court by Title 28, United States Code, Section 1491.

3. Plaintiff is a corporation organized and existing under the laws of the state of New York. Plaintiff currently has its principal place of business at 4 Irving Place, New York, New York.

4. The Defendant is the United States of America.

### Count I – The 1997 Tax Year.

5. On information and belief, on or about September 15, 1998, ConEd of New York timely filed a federal corporate income tax return (Form 1120) for 1997 with the Internal Revenue Service (the "IRS" and/or the "Service") at Brookhaven, NY. The name, address and identification number of the taxpayer appearing on the return for 1997 are as follows:

> Consolidated Edison Company of New York, Inc. and Subsidiaries
> 4 Irving Place
> New York, NY 10003
> Taxpayer Identification Number 13-5009340

6. Between April 15, 1997 and December 15, 1997, the Company made advance payments of tax totaling $335,500,000.00. As of March 15, 1998, the Company had received credit allowances totaling $2,958,225.80.

7. The 1997 return, as filed, reported a tax liability of $291,003,409.00, and an overpayment of which $47,343,328.24 was credited to the subsequent tax year [the tax year

2

ending December 31, 1998 ("1998")] of a newly formed holding company, Consolidated Edison, Inc. (EIN: 13-3965100) of which Con Ed NY became a subsidiary.

8. In calendar 1998, the Service posted overpayment transfers [in the amounts of $65,709.39, $5,445.13, $125.69 and $23,454.60, respectively] to the Company's 1997 Tax Year account. These transfers were credited to other tax accounts of the Company, each with an effective date of March 15, 1998.

9. To partially eliminate the remaining overpayment balance in the taxpayer's 1997 account, a refund ($1,266.42) was issued on or about November 9, 1998.

10. On information and belief, as a result of an audit of the 1997 tax year, an assessment of additional tax ($328,066.00) and an assessment of interest ($206,744.62) posted to Con Ed NY's account on or about March 20, 2006. The additional tax and the interest thereon were discharged by payments made on November 15, 2005 and April 13, 2006, respectively.

11. On information and belief, as the result of another audit, the Company and the Service executed an IRS Form 870-AD ("Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment") for the 1997 tax year reflecting an additional assessment of tax in the amount of $20,903,405.00. The assessment of tax and the assessment of interest thereon ($15,200,038.95) posted to the Company's tax account on or about September 25, 2006.

12. The additional tax and the interest thereon referenced in paragraph #11 were discharged by payments of $20,903,407.00 and $15,200,038.95, that posted to the Company's account as of June 12, 2006 and July 20, 2006, respectively.

13. In determining the amount of deficiency interest comporting with the 2006 assessment of tax, it appears that the IRS erroneously calculated deficiency interest on an amount
3

of the 1997 deficiency equal to the overpayment amount credit-elected to the 1998 Tax Year account of Consolidated Edison, Inc. (EIN: 13-3965100) referred to in paragraph #7). The correct start date for deficiency interest on this amount of tax is March 15, 1999 (the date the 1998 taxes were due), pursuant to Revenue Ruling 99-40, 1999-40 I.R.B. 441.

14. Further, in determining the correct amount of deficiency interest for the 1997 account in conjunction with the 2006 assessment of tax, it appears that the IRS erroneously calculated deficiency interest in that the posting dates assigned to the payments of $20,903,407.00 and $17,621,077.47, respectively, are incorrect. It appears that these payments were received by IRS on earlier dates.

15. Further, as a result [in part] of the assessment, payments and adjustments referred to in paragraphs #6 though #12, a credit balance existed in the Company's 1997 tax account in the amount of at least $2,422,285.19 as of February 5, 2007, and has been erroneously frozen from refund.

**Count II – Interest Netting.**

16. On information and belief, on or about September 14, 1992, Con Ed NY filed a federal corporate income tax return (Form 1120) for 1991 with the Service at Brookhaven, New York. The name, address and identification number of the taxpayer appearing on the return for 1991 are as follows:

> Consolidated Edison Company of New York, Inc. and Subsidiaries
> 4 Irving Place
> New York, NY 10003
> Taxpayer Identification Number 13-5009340

17. On information and belief, on or about September 15, 1995, Con Ed NY filed a federal corporate income tax return (Form 1120) for 1994 with the Service at Brookhaven,

4

New York. The name, address and identification number of the taxpayer appearing on the return for 1994 are as follows:

> Consolidated Edison Company of New York, Inc. and Subsidiaries
> 4 Irving Place
> New York, NY 10003
> Taxpayer Identification Number 13-5009340

18. On information and belief, on or about September 15, 1996, Con Ed NY timely filed a federal corporate income tax return (Form 1120) for 1995 with the Service at Brookhaven, New York. The name, address and identification number of the taxpayer appearing on the return for 1995 are as follows:

> Consolidated Edison Company of New York, Inc. and Subsidiaries
> 4 Irving Place
> New York, NY 10003
> Taxpayer Identification Number 13-5009340

19. With respect to the 1991, 1994 and 1995 Tax Years of Con Ed NY, overpayments in tax were determined in favor of the Company's Form 1120 Tax Accounts on the following effective dates and in the following amounts:

| Tax Year | Determination Date | Amount of Overassessment |
| --- | --- | --- |
| 1991 | January 6, 2003 | $14,960,048.00 |
| 1994 | January 6, 2003 | $17,165,954.00 |
| 1995 | January 6, 2003 | $23,447,692.00 |
| 1996 | December 24, 2001 | $    259,429.00 |
| 1997 | December 24, 2001 | $    364,698.00 |

20. With respect to the overassessments referenced above, overpayment interest was determined as of the following effective dates and in the following amounts:

| Tax Year | Determination Date | Amount of Interest |
| --- | --- | --- |
| 1991 | December 17, 2002 | $11,809,635.41 |
| 1991 | August 2, 2004 | $ 3,196,313.93 |
| 1994 | December 17, 2002 | $ 8,019,324.78 |
| 1994 | August 2, 2004 | $    520,434.57 |

| | | |
|---|---|---|
| 1995 | December 19, 2002 | $10,598,715.60 |
| 1995 | August 2, 2004 | $ 2,047,722.26 |

21. The deficiency interest amounts for the 1997 Tax Year referenced in Paragraphs #10 and #11 above were calculated utilizing various start dates and ending dates.

22. The overpayment interest amounts for the 1991, 1994 and 1995 Tax Years referenced in Paragraph #20 above were calculated utilizing various start dates and ending dates.

23. Over the course of the periods of time referenced in paragraphs #10, #11, #21 and #21 above, deficiency and/or allowable interest was incurred by and/or payable to the taxpayer, Con Ed NY.

24. Pursuant to the provisions of Section 6621(d) of the Code, plaintiff, on behalf of the taxpayer, is entitled to a net interest rate of zero for the periods during which interest was both allowable on overpayments and payable on deficiencies.

25. On or about March 5, 2007, Con Ed NY (through its representative) submitted a request for adjustment to interest for 1997, asserting that (i) the determination of deficiency interest regarding the 1997 Tax Year was erroneously computed due to the use of the aforementioned, incorrect starting date; (ii) the determination of deficiency interest regarding the 1997 Tax Year was erroneously computed due to the use of the aforementioned, incorrect payment dates, (iii) a credit balance remained in the 1997 Tax Year account erroneously frozen from refund; and, (iv) pursuant to Section 6621(d) of the Code, the taxpayer was entitled to a reduction of deficiency interest regarding its 1997 Federal Income Tax account. On October 2, 2007, the Service issued a certified disallowance of the claim. A copy of the disallowance is attached hereto as Exhibit A.

26. As a result of the application of Sections 6601, 6611 and 6621(d) of the Code as set forth above, plaintiff, on behalf of itself and the Company, is entitled to the reduction of deficiency interest in the following amount with respect to the following year:

| Entity | Tax Year | Amount |
|---|---|---|
| Consolidated Edison Company of New York, Inc. | 1997 | $ 7,771,121.54 |

including allowable interest through March 1, 2007, plus additional allowable interest thereon until paid.

27. Plaintiff has made no transfer or assignment of the claim herein presented or any part thereof and is the sole and absolute owner of this claim. No action on this claim has been taken by the Congress of the United States or by any of the departments of the government, other than the action by the IRS on the tax refund claim as herein described, or in any judicial proceeding. The plaintiff has a pending action in this Court [Docket No. 06-305T] with respect to its tax liability for the 1997 Tax Year. The outcome of that proceeding may affect the calculation of the interest for the present litigation.

WHEREFORE, plaintiff prays that judgment be entered in its favor and against the defendant, United States of America:

(1) in the amount of at least $7,771,121.54, together with interest as provided by law with respect to Consolidated Edison of New York, Inc.'s 1997 Tax Year; and,

(2) for the attorneys' fees, costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

Dated this 1st day of October, 2009

Joseph M. Persinger
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
jpersinger@milbank.com
(212) 530-5072
(212) 822-5072 (fax)

# EXHIBIT A



**INTERNAL REVENUE SERVICE**
*MS 6800*
*Ogden, UT 84201*

Department of the Treasury

Refer Reply To: 0435605907
Date: October 2, 2007   T17

CONSOLIDATED EDISON COMPANY OF NEW YORK
4 IRVING PLACE 1611 S
NEW YORK NY   10003

Taxpayer Identification Number: 13-5009340
Tax Periods: December 31, 1991
December 31, 1994
December 31, 1995
December 31, 1997
Form: 1120
Date Claim Received: March 12, 2007
Amount of Claim: $7,771,121.54

CERTIFIED MAIL

Dear Taxpayer:

We are sorry, but we cannot consider your request to allow net rate interest netting based on section 6621(d) of the Internal Revenue Code for the tax periods shown above. This letter is your legal notice that your claim is fully disallowed for the following reason:

Your 1997 federal income tax year is the subject of a pending refund suit filed April 19, 2006 in the Court of Federal Claims (*Consolidated Edison Company of New York Inc. & Subsidiaries v. United States*, Ct. Fl. Cl. No. 06-305T). Because the the 1997 federal income tax liabilities are the subject of pending litigation, jurisdiction over your claim seeking an interest overpayment of the 1997 tax year rests with the Department of Justice (DOJ).

Because you have designated an authorized power of attorney to represent you in this matter, we are forwarding a copy of this letter to your representative.

If you have any questions about this letter, please feel free to contact Jo Anne Burgess, a member of my staff, at (801) 620-6463 between the hours of 8:00 a.m. and 3:30 p.m. (MT).

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

13-5009340                                                              10-2-2007

Whenever you write, please include this letter and, in the spaces below, give us your daytime telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number (     ) _____    Hours _____

Sincerely,

*Deborah S. Decker*

Deborah S. Decker
Director

Cc: Francine Silverman, Milbank, Tweed, Hadley, & McCloy LLP